**Nidel & Nace, PLLC**
**Jonathan B. Nace, Esq.**
**One Church Street**
**Suite 802**
**Rockville, MD 20850**
**Tel: 202-780-5153**
**jon@nidellaw.com**

### UNITED STATES DISTRICT COURT FOR
### THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE COFFMAN, as Personal Representative of the ESTATE OF KEVIN COFFMAN, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> MONSANTO COMPANY, THE VALLEY FERTILIZER AND CHEMICAL COMPANY, and COSTCO WHOLESALE CORPORATION, <br><br> Defendants. | Case No.: 3:21-cv-02505-VC |

### REPLY IN SUPPORT OF MOTION TO REMAND

**I.     INTRODUCTION**

This is a product liability action brought by Sue Coffman, a Virginia citizen, against Monsanto, a local supplier Valley Fertilizer and Chemical Company ("Valley") that is a citizen of Virginia, and Costco Wholesale Corporation.  Diversity is lacking on the face of the Complaint, but Monsanto alleges fraudulent joinder based upon answers to interrogatories provided by Valley.

Ms. Coffman timely moved to remand the case arguing that the notice of removal was late, and that Monsanto had failed to establish fraudulent joinder.  Monsanto opposed the motion to remand by arguing that it was not untimely based upon the date of answers to interrogatories.  It

also argued that it had "pierced the pleadings" with "evidence" and so the burden shifted to Plaintiff to provide contradictory evidence—though discovery is at its inception.

Ms. Coffman now replies in support of her motion to remand.

## II.    LEGAL STANDARD

Monsanto must demonstrate by clear and convincing evidence that there is no possibility that Valley could be liable to Plaintiff to overcome the presumption against finding fraudulent joinder. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton v. Dow Chem.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir.1998)).

> Since courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor."

*York v. Riddell, Inc.*, EDCV 15-02015-VAP (SPx), at *15-16 (C.D. Cal. Feb. 23, 2016) (quoting *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998))).  "Given this standard, '[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion.'" *York* at *16 (quoting *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)); *see also Hamilton v. Dow Chem.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("…there is a general presumption against fraudulent joinder…"). This burden of proof on Monsanto is distinct from a showing of a right to relief under 12(b)(6) or Rule 56 and far more difficult to meet. *See Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("some room must exist between the standard for dismissal under Rule 12(b)(6), for example, and a finding of fraudulent joinder. A court's Rule 12(b)(6) inquiry is

whether the complaint states a cognizable legal theory. To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable *ab initio*.") (citations omitted).

### III. ARGUMENT

#### a. Monsanto has not proven by clear and convincing evidence that Valley had no "reason to know" of Roundup's dangers.

Monsanto has not met its burden of demonstrating by clear and convincing evidence that Valley had no reason to know of the dangers of Roundup®. In fact, Monsanto has not provided any evidence.

Monsanto relies solely on one paper, Valley's answers to interrogatories, when it suggests multiple times that it has "pierced the pleadings by presenting evidence" and has established fraudulent joinder. However, under the Federal Rules of Evidence, Monsanto has not provided any evidence at all. Valley's answers are hearsay being offered for the truth of the matter asserted here. Fed. R. Evid. 801(c).

These types of statements are only excluded from the rules of hearsay when used against a party-opponent and ***offered against that party which made the statement***.

> **(d)** STATEMENTS THAT ARE NOT HEARSAY. A statement that meets the following conditions is not hearsay:
>
> **(2)** *An Opposing Party's Statement.* The statement is offered against an opposing party and **(A)** was made ***by the party*** in an individual or representative capacity…

Fed. R. Evid. 801(d)(2)(A) (emphasis added)[1]. The interrogatories answers are not offered against the party that made them, and they are not the statement of an opposing party. "It is well-established that under Rule 801(d)(2), 'a party's statement is admissible as non-hearsay only if it is

---

[1] Subparts Fed. R. Evid. 801(d)(2)(B)-(D) offer no different outcome, as all require the statement to offered against the party who made it.

3

**SUE COFFMAN'S REPLY IN SUPPORT OF MOTION TO REMAND**
MDL No. 2741 Case No. 16-md-02741-VC; Case No.: 3:21-cv-02505-VC

offered against *that* party.'" *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 335 (C.D. Cal. 2004) (quoting *Stalbosky v. Belew,* 205 F.3d 890, 894 (6th Cir.2000)); *see also Western Wholesale Supply, Inc. v. Holladay,* No. Civ. 97-0297-S-BLW, 2000 WL 33716996, *4, n. 2 (D. Idaho 2000) ("The statement may therefore be admitted against Wayne-Dalton, *although it cannot be admitted against any other party."*) (emphasis added). This well-settled application of the rules of evidence underscores the absurdity of allowing a party to assert fraudulent joinder by testimony offered by itself or its co-parties without any cross-examination or the completion of discovery. *See* Fed R. Evid. 801(d)(1) (allowing such statements when the declarant is subject to cross-examination).[2] Plainly demonstrative of the error of offering this hearsay as dispositive clear and convincing evidence of fraudulent joinder is the fact that summary judgment would never be granted on such a question of fact based on a party's own answers to interrogatories. *See Ansara v. State Farm Fire & Cas. Co.*, Case No.: 2:15-cv-00365-GMN-NJK, at *4-5 (D. Nev. Nov. 24, 2015) ("though courts may look to a showing of facts in conducting a fraudulent joinder analysis, the burden on the defendant to prove fraudulent joinder is higher than the burden required for Rule 56 summary judgment or even Rule 12(b)(6) dismissal.").

This is inadmissible hearsay because it does not meet the second prong of Rule 801(d)(2) in that it is not offered against the party that made the statement. This alone ends the Court's inquiry. However, this fails the first part of 801(d)(2) which is titled "An Opposing Party's Statement." *Supra*. Simply, the statement is not the statement of an opposing party to Monsanto. Therefore,

---

[2] The Virginia Rules of Evidence also exclude this answer to an interrogatory as hearsay for the same reason, *i.e.* that the statement is not being offered against the party who made the statement. *See* Va. R. Sup. Ct. 2:803 ("The following are not excluded by the hearsay rule, even though the declarant is available as a witness: (o) *Admission by party-opponent*. A statement offered against a party that is (A) **the party's own statement**, in either an individual or a representative capacity…") (emphasis added).

these answers to interrogatories are not evidence at all, and cannot be considered evidence that go further and pierce the pleadings.[3]

Even if the Court were to admit these answers as admissible evidence, they do not establish by clear and convincing evidence that Valley did not have a reason to know of Roundup®'s defects. *See Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 135-36 (Va. 1992) ("Reason to know" means that the actor has knowledge of facts from which a reasonable man of ordinary intelligence or one of the superior intelligence of the actor would either infer the existence of the fact in question or would regard its existence as so highly probable that his conduct would be predicated upon the assumption that the fact did exist."). In considering these answers, the Court can consider that Valley's own answers are less credible in that 1) Valley has a self-interest in obtaining dismissal of claims against it; and 2) Valley is interested in transferring venue out of The Circuit Court for Richmond City. These two facts lower the weight of the "evidence" presented beneath the bar of "clear and convincing." Further, the Valley answer is only conclusory when it asserts it had no reason to know; but it has not offered any sufficient evidence or statement that it was not aware of the dangers of other pesticide products, did not belong to organizations which monitored pesticide dangers, did not review information from the EPA regarding the products it sold, or any other such bolstering information. Accepting this as clear and convincing evidence of fraudulent joinder means any bare-bones self-serving affidavit from a co-Defendant could be accepted as clear and convincing truth to clear the high bar of fraudulent joinder. Furthermore, Plaintiff has provided statements of Valley, made by Valley and offered against Valley, to demonstrate that they had a

---

[3] Ms. Coffman suspects that Monsanto would argue that the answers to interrogatories of any other plaintiff in this multi-district litigation are hearsay if used by her—or any other plaintiff—against Monsanto.

reason to know of Roundup®'s defects. *See* Doc. 6, p. 8. At a bare minimum, this precludes a finding by the "clear and convincing" standard that fraudulent joinder is present.

Though Ms. Coffman has presented evidence that suggests Valley had a reason to know of Roundup®'s defects, this Court has cautioned against imposing a burden upon a plaintiff of coming forward with evidence to defeat fraudulent joinder at this early stage of litigation. In *Contreras v. Mi Tierra Mercado y Carniceria*, 2017 U.S. Dist. LEXIS 31621 (N.D. Cal. March 6, 2017), a removing defendant alleging fraudulent joinder submitted an affidavit in support of its removal, which was then objected to by the plaintiff. *Id*. at *8-9. The district court declined to consider the affidavit because "Plaintiff has not had an opportunity to depose Bader or question him on his assertions, or even to examine the machine—ITW is in complete control of the facts." *Id*. at *11 (citing *Reynolds v. Boeing Co.*, 2015 U.S. Dist. LEXIS 99563 at *4, 5 (C.D. Cal. July 28, 2015). The *Contreras* court summarized its ruling:

> While the Court acknowledges that discovery could ultimately resolve the question of whether the Hobart model 4346 is a power press in Defendants' favor, the procedural posture here requires Defendants to prove that there is absolutely no possibility that Contreras could establish a cause of action against Mi Tierra in state court. That it has not done, primarily because when the issue is whether a machine uses a "die," whether the machine is a power press is an issue of fact properly reserved for the jury.

*Contreras* at *12 (internal citations omitted). Similarly hear, the question of whether Valley had "reason to know" is a jury question. It is a question of fact which Plaintiff has not been given an opportunity to discover at this point because the facts are solely within the possession of Valley.[4] Just like in *Contreras*, and others upon which it relies and for the evidentiary reasons above, this does not satisfy the heavy burden of fraudulent joinder.

---

[4] Prior to removal, Valley provided very limited responses to requests for production of documents in the form of Mr. Coffman's statement of account, exactly 81 pages of invoices. They provided no emails or other communciations, nor did they sit for any deposition.

6

**SUE COFFMAN'S REPLY IN SUPPORT OF MOTION TO REMAND**
MDL No. 2741 Case No. 16-md-02741-VC; Case No.: 3:21-cv-02505-VC

Typically to establish legal impossibility by clear and convincing, the removing defendant must present ***admissible evidence*** or a procedural defense upon which evidence is not necessary to order dismissal. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) (finding fraudulent joinder because ***procedural defense*** of statute of limitations was invoked); *see Arias v. Follet Higher Educ. Corp.*, 2019 U.S. Dist. LEXIS 20265 at *6 (stating defendant produced, *inter alia*, "a number of corroborating correspondences between Plaintiff and Johnston."); *Feizbakhsh v. Travelers Commer. Ins. Co.*, 2016 U.S. Dist. LEXIS 123471, *12 (non-diverse defendant was improper because "under California law a negligence claim cannot be stated by an insured against agents and employees of an insurer.").[5] Monsanto has not offered the type of evidence which demonstrates that Plaintiff cannot prevail against Valley, nor the type that is typically required to establish fraudulent joinder.

Monsanto has not established by clear and convincing evidence that it is a legal impossibility for Plaintiff to succeed on a claim against Valley, thus Valley is properly joined and diversity is lacking.

### b.  Monsanto's Notice of Removal is untimely.

The "first paper" which indicated that Valley did not believe a claim could be asserted against it was Valley's Demurrer, filed on January 8, 2021. Importantly, the demurrer, which triggered the date for removal, states exactly Valley's position that was relied upon by Monsanto that Valley allegedly did not and could not have known of Roundup®'s defects.

> The Complaint does not allege nor could it allege that defendant Valley had knowledge, actual or constructive, of the allegedly dangerous effects of Roundup. The Complaint does not allege nor could it allege that Valley was ever notified that it breached any warranties with respect to Roundup. Since the Complaint does not allege nor could it allege that Valley was aware or should have been aware of the dangerous condition of Roundup or that Valley was ever notified that it breached a warranty with respect to Roundup, the Complaint fails to state a cause of action

---

[5] *But see* Martinez v. McKesson Corp., 2016 U.S. Dist. LEXIS 145003 (April 7, 2016) (relying on a removing defendant's declaration to establish impossibility).

7

**SUE COFFMAN'S REPLY IN SUPPORT OF MOTION TO REMAND**
MDL No. 2741 Case No. 16-md-02741-VC; Case No.: 3:21-cv-02505-VC

for negligence or breach of implied warranties against Valley and should be dismissed.

Doc. 6-1, p. 3. This mirrors the language in the answers to interrogatories that Monsanto asserts was the first time it could have ascertained this knowledge.

Monsanto misappropriates the alleged "duty to inquire" that it holds up as Ms. Coffman's argument. The distinction is that the information in the Demurrer is identical to the information in the answer to interrogatory. It is not a duty to inquire, but if they wanted "evidence," as opposed to a pleading, Monsanto could have gained actual evidence within thirty-days of the Demurrer. But Monsanto is simply wrong when it claims that the trigger for "evidence-based challenges" is the date that evidence is presented. Instead, even when evidence must be necessary to allege fraudulent joinder, the trigger remains the paper "from which it may ***first be ascertained*** that the case is one which is or has become removable." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (emphasis added). Even if this paper was unsworn and not evidence, the Demurrer gave Monsanto the information necessary to ascertain the evidence it needed and the argument it belatedly made.

Monsanto's reliance on general citation to case law that there is no duty to inquire misses the mark.[6] In *Barakat v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 118954, 2020 WL 3635933 (July 6, 2020), the district court's opinion was limited to removals where "the initial pleading or other document is 'indeterminate' with respect to removability." *Id.* at *11. Here, the Demurrer is not "indeterminate" because it plainly states that there is no claim against Valley. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (defining "indeterminate pleading" as one in which "it is unclear from the complaint whether the case is removable, i.e., the citizenship of the parties is

---

[6] *See* Doc. 7, p. 14, n. 11.

8

**SUE COFFMAN'S REPLY IN SUPPORT OF MOTION TO REMAND**
MDL No. 2741 Case No. 16-md-02741-VC; Case No.: 3:21-cv-02505-VC

unstated or ambiguous."). In fact, Monsanto does not argue that the Demurrer was indeterminate; it argues that it was not admissible evidence.[7] Therefore, it had the information and should have procured whatever evidence it thought necessary.

Finally, Monsanto has no relevant response to *Brittain v. Pac. Cycle, Inc.*, 2018 U.S. Dist. LEXIS 210770; 2018 WL 6584482 (W.D.N.C. Dec. 14, 2018), a case which is analogous to this one. Plaintiff is aware that *Brittain* is a case from within the Fourth Circuit, but just like any other district court opinion cited in here, the Western District of North Carolina is a federal district court which is applying the law of fraudulent joinder. As noted in Plaintiff's motion to remand, there is no distinction, let alone a conflict, in the substance of the law of fraudulent joinder in the Ninth Circuit and the Fourth Circuit. A motion to dismiss or demurrer which argues that there is no viable claim against a forum defendant is a paper which should cause a non-forum defendant to ascertain whether fraudulent joinder exists. *Id*. There is no reason to deviate from the well-reasoned *Brittain* opinion.

## IV.     CONCLUSION

Plaintiff Sue Coffman respectfully moves for remand to the Circuit Court for the City of Richmond, Virginia. Ms. Coffman further moves for an Order granting her ten-days after remand to move for attorneys' fees pursuant to 28 U.S.C. § 1447(c).

---

[7] *White v. Raley's*, 2020 U.S. Dist. LEXIS 249846 (October 19, 2020) similarly dealt with an indeterminate complaint, "The face of Plaintiff's Complaint—served on February 27, 2020—did not evidence the jurisdictional minimum was satisfied." *Id*. at *7.

9

**SUE COFFMAN'S REPLY IN SUPPORT OF MOTION TO REMAND**
MDL No. 2741 Case No. 16-md-02741-VC; Case No.: 3:21-cv-02505-VC

Respectfully submitted,

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.
DC Bar Number 985718
Nidel & Nace, PLLC
One Church Street
Suite 802
Rockville, MD 20850
Tel: 202-780-5153
jon@nidellaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that on May 7, 2021, I caused a copy of the foregoing *Reply in support of Motion to Remand* to be served upon the Court and all parties via ECF.  A courtesy copy was sent to counsel of record via email service.

/s/ Jonathan B. Nace
Jonathan B. Nace, Esq.